McIlvaine, C. J.
The general proposition, that courts of equity will not enforce the specific performance of an executory contract of a married woman, either for or against her, may be admitted. The general rule undoubtedly is, that the obligation of a contract must be reciprocal and mutual between the parties in order to entitle either to a decree for specific performance against the other party ; and a married woman, as a general rule, not haying capacity to bind herself to the performance of an executory contract, the party assuming to contract with her, is not, in law or iñ equity, obliged to perform such contract on his part.
To what extent, or under what circumstances, however, performance or part performance of a contract by a feme covert will raise such an equity in her favor, that specific performance will be decreed to her, is not so clearly settled. It would seem *42 safe, however, oil the authorities, to say, that when a fame covert, in the performance of her contract, has so changed her condition that the rescission of the contract would not place her in statu quo, and the other contracting party is tendered full performance, or can be made secure in the benefits of his contract, ccpiity will not allow him to say that he is not bound to perform oil his part.
"While we are inclined to think, that upon the principle here suggested, the plaintiffs below were entitled to a decree in their favor, there is another view of the case which clearly shows that the courts below erred in refusing to grant the relief prayed for. Mrs. Morgan, one of the contracting parties, most clearly was bound to Doyle to convey to him the whole of the premises contracted for, upon the performance of the conditions named in the contract, and upon failure to do so, would have been liable for damages resulting from such breach of her contract. It would have been no defense for her or her representatives to have shown that the title to the whole of the lot was not in her, but that a part interest was in Mrs. Richards, who did not promise to convey, and that another interest was in Mrs. Jones, who by reason of her coverture was not bound by her contract to convey. That Mrs. Morgan could have been compelled to convey to the extent that the title was in her or under her control is not a matter of dispute, and for so much of the estate as she was unable to convey or procure to be conveyed she would have been liable to make compensation. As between Mrs. Morgan and Doyle, the purchaser, the contract did not lack either mutuality ©r consideration. Hence, when it was shown in the court below that the representative of Mrs. Morgan was able, willing and ready to transfer or to have others transfer to the purchaser the whole estate for which he had contracted, he should have been decreed to pay the purchase-money. That Mrs. Richards and Mrs. Jones, with her husband, were demanding the same relief, did not prejudice the purchaser. His right was to have the title for which he had contracted, his duty was to pay the purchase-money. All the parties in interest were before the court and would have been concluded by the decree. A decree for *43 specific performance against the purchaser would have done ample aud complete justice. The denial of such decree left the vendors without adequate remedy.
Judgments of the district court and of the common pleas reversed, and decree for plaintiffs.